FILED
SUPERIOR COURT
OF GUAM

2013 APR -7 PM 3: 22

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM )  CRIMINAL CASE NO. CM972-12
)
)
)  DECISION AND ORDER
)
v. )  (Defendant's Motion to Dismiss
)  Case on *De Minimis* Grounds)
)
JASON MICHAEL DIAZ QUINATA )
DOB: 11/26/1979 )
Defendant. )
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 17, 2013, on Jason Michael Diaz Quinata's ("Defendant") Motion to Dismiss Case on *De Minimis* Grounds. Assistant Public Defender Pablo M. Aglubat represented Defendant. Assistant Attorney General Brian Gallagher appeared on behalf of the People of Guam ("the People"). The parties submitted arguments on their briefs. Following the hearing, the Court took the matter under advisement. Upon review of the written arguments and legal authorities presented by both parties, the Court issues its Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

Defendant is charged with Fraudulent Vehicle Identification (as a Misdemeanor). Magistrate's Complaint (Nov. 3, 2012). It is alleged that on or about November 2, 2012, Defendant operated a vehicle without a front license plate. As a result, a traffic stop was initiated by Guam Police Department Officer A.M. Perez, and "[i]t was discovered that the license plate attached to [Defendant's] vehicle was not the one assigned to the vehicle's VIN number." Magistrate's Complaint: Declaration (Nov. 3, 2012).

*People v. Jason Michael Diaz Quinata:* CM972-12
Decision and Order – Defendant's Motion to Dismiss Case on De Minimis Grounds

Page 1 of 5

Defendant was arraigned on November 21, 2012. He pled not guilty and waived his right to a speedy trial. Super. Ct. of Guam Minute Entry Log No. 103317 (Nov. 21, 2012). Defendant now moves the Court to dismiss the instant case on *de minimis* grounds. The Court heard the matter on April 17, 2013.

## DISCUSSION

Defendant moves for dismissal pursuant to 9 GCA §7.67(b). Defendant argues that his alleged conduct "[d]id not cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction." Def.'s Mot. to Dismiss Case on De Minimis Grounds at 4 (Jan 15, 2013). He admits that "he took his own license plate and engine from his own car, which was wrecked in an accident, and attached it to the car of his mother-in-law ("Judy Ann Benavente") with her full knowledge and consent. The car of the mother-in-law was exactly the same make and model of the Defendant but it was not operational. [Furthermore,] Defendant did not know it was 'illegal' to do so." Id. at 2.

The People oppose Defendant's motion. They argue that Defendant's conduct was not *de minimis* and dismissal of this case on *de minimis* grounds is inappropriate under 9 GCA § 7.67. See People's Opp'n Mot. at 2-3 (Mar. 13, 2013). The People further contend that Defendant's behavior was not within the customary license or tolerance that society should have to tolerate. Likewise, Defendant's conduct did actually cause or threaten the harm or evil sought to be prevented by law, noting that Defendant transferred his old license plate to the new car and then transferred the registration in the hopes that this would conceal the defect of an improper license plate. The People argue that this was the conduct that Section 9101 specifically made unlawful. Id. at 4. Lastly, the People's position is that the circumstances do

not present other extenuations that excuse Defendant's conduct. "Defendant's act of transferring the license plate and registration to a different car without properly resorting to Department of Revenue and Taxation procedures is exactly what the legislature contemplated in Section 9101." Id. "To allow Defendant to dismiss the case based on the claim that he was unaware of the illegality of his actions would open the door for every other defendant in a similar situation to get away with removing, defacing, covering, altering or destroying identification marks on their vehicles." Id.

Guam's *de minimis* prosecution statute provides that:

**§ 7.67. Appropriateness of Prosecution.**

The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct: (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense; (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense.

9 GCA § 7.67 (2005).

The Supreme Court of Guam in review of above statute adopted New Jersey's approach in determining risk of harm to which society may be exposed. Guam's High Court ruled that "the following factors are relevant to an analysis of §7.67(b): (a) the circumstances surrounding the commission of the offense; (b) the existence of contraband; (c) the amount and value of property involved; (d) the use or threat of violence; and (e) the use of weapons." People v. Perez, 2004 Guam 4 at ¶ 12. On its face, the Court agrees with Defendant that "[a] close scrutiny of the Declaration and circumstances of this case indicate the absence of any contraband, violence or weapons. Moreover, there is no property loss. However, the Court

*People v. Jason Michael Diaz Quinata:* CM972-12
Decision and Order – Defendant's Motion to Dismiss Case on De Minimis Grounds

Page 3 of 5

disagrees with Defendant on the first factor relative to the circumstances surrounding the commission of the offense.

Defendant is charged with Fraudulent Vehicle Identification in violation of 16 GCA § 9101(a).[1] See Magistrate's Complaint (Nov. 3, 2012). The relevant statutory provision for Defendant's offense reads:

> Sale, Purchase or Possession. Every person who *knowingly* buys, receives, disposes of, sells or offers for sale, or has in his possession any motor vehicle, or motor removed from a motor vehicle, from which the manufacturer's serial or motor number or other distinguishing number or identification mark or number placed thereon under assignment from the Department of Revenue and Taxation has been *removed*, defaced, covered, altered or destroyed for the purpose of concealing or *misrepresenting* the identity of *such motor vehicle* or motor is guilty of a misdemeanor.

16 GCA § 9101 (2005) (emphasis added).

While Defendant's mother-in-law renewed the car registration on November 6, 2012, days after his arrest (See Def's. Exhibit C (Jan. 15, 2013)) to reflect her name and the Defendant's name, this does not negate the fact that an offense was committed at the time GPD Officer A.M. Perez discovered that the license plate attached to [Defendant's] vehicle was not the one assigned to the vehicle's VIN number." Magistrate's Complaint: Declaration (Nov. 3, 2012). The law on statutory construction is well-settled. If a statute is unambiguous, then judicial inquiry is complete. *People v. Quichocho*, 1997 Guam 13 ¶ 5. The removal of a vehicle license plate from one vehicle to another without authorization from the Department of Revenue and Taxation is clearly unlawful as made by the above statutory provision. For these reasons, the Court does not find justification to apply 9 GCA §7.67(b). Defendant did actually cause or threaten the harm or evil sought to be prevented by the law defining the offense and the

---

[1] The Court notes that there is no Subsection (a) to 9 GCA § 9101.

charge contained in the Magistrate's Complaint is not too trivial to warrant the condemnation or conviction contemplated by 16 GCA §9101.

Accordingly, the Court DENIES Defendant's Motion to Dismiss Case on *De Minimis* Grounds.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss Case on *De Minimis* Grounds. Further Proceedings is scheduled for _____7/3/13_____, at _10 a. m._

**SO ORDERED** this 7 day of JUNE, 2013.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

JUN 0 7 2013

Jerry T. Guevara
Deputy Clerk, Superior Court of Guam

*People v. Jason Michael Diaz Quinata: CM972-12*
Decision and Order – Defendant's Motion to Dismiss Case on De Minimis Grounds

Page 5 of 5